United States District Court
Southern District of Texas
**ENTERED**
September 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Willie McDowell, § | |
| 　　Petitioner, § | |
| § | |
| v. § | Civil Action H-18-2893 |
| § | |
| Lorie Davis, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
| 　　Respondent. § | |

## Memorandum and Recommendation

Willie McDowell has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated robbery with a deadly weapon. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time-barred.

### 1. Background

On May 7, 2015, a jury in the 182nd District Court of Harris County, Texas, found McDowell guilty. (D.E. 12-1 at 237.) The district court sentenced him to 35 years confinement in the Texas Department of Criminal Justice. *Id.*

On March 31, 2016, the court of appeals affirmed the district court's judgment. (D.E. 12-35 at 87–104). McDowell did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (D.E. 12-35 at 108.)

McDowell signed his state application for writ of habeas corpus on February 13, 2017. (D.E. 12-35 at 6–32.) The Texas Court of Criminal Appeals denied the application without written order on May 16, 2018. (D.E. 12-25.) McDowell filed his federal habeas corpus petition on August 20, 2018. (D.E. 1.)

### 2. *Statute of Limitations under 28 U.S.C. § 2244*

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because McDowell challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). McDowell's conviction became final on May 2, 2016, when his time to file a petition for discretionary review expired. *See* Tex R. App. P. 68.2(a); Tex. R. App. P. 4.1(a). Absent tolling, the limitations period would expire one year later, on May 2, 2017.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

McDowell's state habeas application is deemed filed on the date he mailed it. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). The

2

court uses the date McDowell signed the petition as the date of mailing because the date stamp on the envelope is illegible. The application was therefore filed on February 13, 2017. (D.E. 12-35 at 30.) The Texas Court of Criminal Appeals denied his application on May 16, 2018. (D.E. 12-25.) This tolled the limitations period for 458 days, extending the deadline to file a federal habeas petition to August 3, 2018. McDowell mailed his federal petition more than two weeks late, on August 20, 2018. It is therefore time-barred. No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

McDowell argues that equitable tolling should extend the statute of limitations because he was waiting on the state to provide him with a copy of his transcripts before filing a habeas petition. (D.E. 1 at 10.) McDowell's situation does not warrant equitable tolling.

A petitioner may be entitled to equitable tolling if he can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances may be found in situations where a petitioner is actively misled about the cause of action or is prevented from asserting his right to file by some extraordinary factor beyond his control. *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000). McDowell states that he was misled by the trial court about the provision of his trial transcripts for use in post-conviction appeals. (D.E. 13 at 2.) However, "[t]he unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." *Martin v. Davis*, No. 3:16-CV-198, 2018 WL 472832, at *3 (S.D. Tex. Jan. 18, 2018) (internal quotations omitted). McDowell could have filed his federal habeas petition based on his own recollection, as he did in his timely-filed state habeas application. (D.E. 12-35 at 25–26.) However, his federal petition does not specifically explain the delay in filing this application. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that petitioner's circumstances do not warrant equitable tolling when no explanation for filing delay is given). Therefore, McDowell's circumstances are not so extraordinary as to warrant equitable tolling. *See Clarke v. Rader*, 721 F.3d 339, 344–45 (5th Cir. 2013) (discussing the need for a relationship between the length of time in state's delay and the filing of the petitioner's federal habeas petition).

*3. Conclusion*

The court recommends that Davis's motion for summary judgment be granted and that McDowell's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 9, 2019.

_____
Peter Bray
United States Magistrate Judge